```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION

UNITED STATES OF AMERICA,         §
                                  §
      Plaintiff/Respondent.       §
                                  §
                                  §     CRIMINAL NO. H-10-862-2
VS.                               §     CIVIL ACTION H-12-896
                                  §
DONNIE HUE SMITH,                 §
                                  §
      Defendant/Movant,           §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause are (1) *pro se* Movant Donnie Hue Smith's ("Smith's" or "Movant's") § 2255 motion to vacate, set aside or correct sentence (instrument #212 in H-10-CR-862-2); #1 in H-12-CV-896); (2) the United States' motion to dismiss (#218 and 219 in H-10-CR-862-2); and (3) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#226 in H-10-CR-862-2) that the government's motion be granted and Movant's § 2255 motion be denied. Movant did not file any objections to the Magistrate Judge's memorandum and recommendation.

A *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 521 (1972). *Pro se* pleadings are liberally construed. *Haines*, 404 U.S. at 521. Nevertheless *pro se* litigants must provide sufficient facts in

-1-

support of their claims; "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1009, 1011 (5th Cir. 1983); *see also U.S. v. Onwuasoanya*, 180 F.3d 261 (Table), No. 96-20877, 1999 WL 274479, *2 (5th Cir. Apr. 16, 1999). "[A] district court does not commit error when it disposes of a habeas petitioner's claims without holding a full-fledged hearing when those claims are unmeritorious, conclusory, and wholly unsupported by the record." *Id.* at 1011 n.2; *id*.

On April 15, 2011 Movant pled guilty without a written plea agreement to a one-count indictment for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (#65), against Columbia Lloyds Insurance Company ("Columbia Lloyds"), where one of Smith's co-defendants, Carla Jean Johnson ("Johnson"),[1] worked. He joined

---

[1] In the money-laundering scheme at issue here, entangling at least fourteen individuals, Johnson, an employee of Columbia Lloyds with access to its bank accounts, involved friends and family as co-conspirators and wrote checks or transferred money from Columbia Lloyds to these co-conspirators, who would receive the money and then send a portion of it back to Johnson. Her *modus operandi* was to contact the person whose account the money was to go into, get his or her account number, and let the person know that the money would be coming and what percentage should be sent back to Johnson

the conspiracy on January 26, 2009 and remained involved until July 10, 2009, during which period he dated Johnson. On July 10, 2009 he and Johnson tried to cash a check for $180,000 written to his attention from Columbia Lloyds at Wachovia Bank, but actually issued by Johnson. A Wachovia Bank representative became suspicious and contacted Columbia Lloyds and learned that the check had not been authorized. In addition Movant received eleven transactions consisting of ten automated clearinghouse transfers (#174,914.19). A $19,606.14 transfer intended for Movant did not fund. There were also other checks provided to him. The Court found that the intended loss was $408,546.59, minus the $19,606.14, and the actual loss was $199,914.19. The Court also found that Movant's role in the conspiracy was "average." The government's attorney argued for an upward departure, and the Court imposed a sentence at the high end of the applicable guideline. The Court explained that she "believe[d] that such a sentence would adequately reflect the seriousness of the offense, promote respect for the law, provide deterrence to future criminal conduct, and address the Defendant's background characteristics as outlined in 18, United States Code, Section 3553(a)." Transcript of Sentencing Hearing (#221 at p. 25.[2] Because at the time of Movant's initial

---

from that person and that transaction.

[2] During the sentencing hearing the government's counsel pointed out the Smith attempted to defraud Columbia Lloyds of a substantial amount of money, indeed hundreds of thousands of

sentencing on September 15, 2011 (#151) the fact that Smith had a parole violator's warrant pending in Louisiana was not raised, the Court entered an amended judgment on December 2, 2011 (#182) that clarified that Smith's federal sentence was to be served concurrent to any sentence imposed by the State of Louisiana.

According to the pre-sentence investigation report ("PSR")[3] prepared for Movant, his advisory guideline sentence was calculated as follows. First, he had a base offense level of 7 under United

---

dollars, to which he knew he did not have a right, caused people at Columbia Lloyds to lose their jobs and impacted this small family-run business, and had been in and out of jail for various offenses. (Movant had a marijuana conviction in 1998, two years later was put on probation for involvement with drugs in Louisiana, had his probation revoked around 2005-06 and served the rest of his sentence, and was out on parole when he was committed the fraud at issue here. Transcript, #221, at p. 17.)

[3] As opined by the district court in *Anderson v. U.S.*, Nos. 3:10-CV-02227-B-BH and 3:08-CR-134-B, 2010 WL 2382336, *3 (N.D. Tex. May 10, 2010),

> A PSR generally "bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). While "a district court must resolve disputed issues of fact if it intends to use those facts as a basis for sentencing, the court can adopt facts contained in a PSR without inquiry, if those facts ha[ve] an adequate evidentiary basis and the defendant does not present rebuttal evidence." *Id.* (quoting *United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994. Furthermore, "[a] defendant's rebuttal evidence must demonstrate that the information contained in the PSR is 'materially untrue, inaccurate or unreliable,' and '[m]ere objections do not suffice as competent rebuttal evidence.'" *Id.* (quoting *United States v. Parker*, 133 F.3c 322, 329 (5th Cir. 1998).

States Sentencing Guideline ("U.S.S.G.") § 2B1.1. Because the total intended loss was $408,536.59, pursuant to U.S.S.G. § 2B1.1(b)(1)(H), his offense level was increased by fourteen levels. Because the offense charged involved sophisticated means pursuant to U.S.S.G. § 2B1.1(b)(9)(C), his offense level was increased by two levels. Movant's base offense level under U.S.S.G. § 2X1.1(a) was 23. Second, because Movant accepted responsibility in a timely manner pursuant to U.S.S.G. § 3E1.1(a) and (b), his base offense level was reduced by three levels. Finally, with an adjusted offense level of 20 and a criminal history category of III, Movant had an advisory guideline sentencing range of 33-41 months. On September 2, 1011, the Court sentenced Smith to a total term of imprisonment of 41 months, to be followed by a three-year term of supervised release, a special assessment of $100, and restitution in the amount of $199,914.19 (#151).

Smith did not appeal his sentence.

Smith filed this timely § 2255 motion challenging the calculation of his advisory guideline sentence. He contends that the Court erred in calculating the amount of loss/restitution for which he is responsible. Second he contends that his base offense level should not have been adjusted upward by two levels based on Johnson's, rather than his, use of sophisticated means. Last, he argues that his counsel was constitutionally ineffective for failing to object to these two errors.

A federal prisoner may move to vacate, set aside, or correct his sentence based on four grounds: (1) constitutional issues; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of the sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. sec. 2255; *U.S. v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *U.S. v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). A writ of habeas corpus will not be allowed to serve as an appeal. *Davis v. U.S.*, 417 U.S. 333, 345 (1974).

As a matter of law, a district court's alleged misapplication of the sentencing guidelines, asserted in Movant's first two claims, does not give rise to a constitutional issue and cannot be challenged in a section 2255 motion. *U.S. v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996), *citing U.S. v. Vaughn*, 955 F.2d at 368; *U.S. v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Such a claim is not constitutional and could have been raised on direct appeal. *Laws v. U.S.*, 263 F.3d 164 (Table), No. 00-41349, 2001 WL 803843, *1 (5th Cir. June 14, 2001). The Fifth Circuit has clearly held, "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255."

*United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996).

Nor is Smith's challenge to the imposition of restitution in the amount of $199,914.19 cognizable under § 2255. *United States v. Hatten*, 167 F.3d 884, 887 (5th Cir. 1999)("complaints against restitution may not be addressed in a § 2255 proceeding"), *citing Segler*, 37 F.3d at 1137; *Campbell v. U.S.*, 330 Fed. Appx. 482, 482-83 (Table), No. 08-40710, 2009 WL 1472217, *1 (5th Cir. May 27, 2009)("A challenge to the restitution or fine portion of a sentence is a nonconstitutional issue relative to sentencing that should be raised on direct appeal and not for the first time in a § 2255 proceeding. A district court lacks jurisdiction to modify a restitution order under § 2255, a writ of coram nobis, or 'any other federal law.' Further, a monetary penalty is not a sufficient restraint on liberty to meet the 'in custody' requirements of § 2255[4] or § 2241."), *citing Hatten*, 167 F.3d at 884 n. 5 and 886-87 & nn. 3 and 6, and *Segler*, 37 F.3d at 135 and 1162.

Furthermore, regarding Smith's ineffective-assistance-of-counsel claim, the Fifth Circuit has held that

---

[4] Section 2255 provides, "A prisoner in custody under sentence of a [federal] court, claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." The statute's plain language provides relief only to those challenging custody. "A monetary fine is not a sufficient restraint on liberty to meet the 'in custody' requirement for § 2255 purposes." *Segler*, 37 F.3d at 1137.

>     when a prisoner asserts an ineffective assistance of
>     counsel claim *under § 2255*, he must satisfy *Strickland*'s
>     prejudice requirement by showing harm that relates to his
>     custody. That is, if counsel's constitutionally
>     insufficient assistance affected the trial court's guilt
>     determination or the sentencer's imposition of a prison
>     term, a prisoner's ineffective assistance of counsel
>     claim falls within the scope of § 2255; if . . .it
>     relates only to the imposition of a fine, his claim falls
>     outside § 2255."

*Segler*, 37 F.3d at 1137 (emphasis in original), *citing U.S. v. Michaud*, 901 F.2d 5, 7 (1st Cir. 1990). Smith's release from federal custody is not conditioned on his payment of the fine/restitution. Thus Smith's ineffective assistance of counsel claim based on counsel's failure to object to the allegedly erroneous calculation of the amount of loss/restitution is not cognizable under the statute because it is not related to his custody. *See also U.S. v. Walker*, 78 F.3d 582 (Table), (5th Cir. Feb. 2, 1996)("Because the failure of a defendant's attorney to challenge a fine does not relate to his incarceration, such claims are improper under section 2255. We extend this reasoning to encompass restitution; if a fine does not relate to unlawful custody, then neither does restitution. For this reason, [defendant's] challenge to the ordered restitution and accompanying claim of ineffective assistance do not pertain to unlawful custody and, accordingly, fall outside the scope of section 2255."); *Anderson v. U.S.*, Nos. 3:10-CV-02227-B-BH and 3:08-CR-134-B, 2010 WL 2382336, *3 (N.D. Tex. May 10, 2010).

The Sixth Amendment right to counsel extends to the plea-

bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), *citing Missouri v. Frye*, 132 S. Ct. at 1405, and *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). Moreover, the two-prong test under *Strickland v. Washington*, 466 U.S. 668 (1984), "'applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id., quoting Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

To establish that counsel was ineffective, the defendant must prove: (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland,* 466 U.S. at 687 (the "performance" prong), and (2) "that the deficient performance prejudiced the defense" (the "prejudice" prong). *Id.* The reviewing court need not consider both prongs if the court finds that the defendant has failed to prove either. *Id.* To prove that trial counsel's deficient performance prejudiced the defense, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of a criminal trial]." *Id.* This heavy burden requires a "substantial," not merely a "conceivable,"likelihood of a different result. *Harrington v. Richter,* 131 S. Ct. 770, 787 (2011); *see also Cullen v. Pinholster,* 131 S. Ct. 1388, 1403 (2011). In deciding whether the result would have been different, "a court

hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695; *Brown v. Thaler*, 684 F.3d 482, 491 (5th Cir. 2012), *cert. denied*, ___ S. Ct. ___, No. 12-7258, 2011 WL 598586 (S. Ct. Feb. 19, 2013).

In the context of a guilty plea, the Supreme Court and the Fifth Circuit have held that a defendant must demonstrate that counsel provided ineffective assistance and that but for counsel's errors, the defendant would not have pleaded guilty, but would have gone to trial. *Hill,* 474 U.S. 52; *Joseph v. Butler*, 838 F.2d 786, 792 (5th Cir. 1988). The defendant must provide more than mere allegations to that effect. *Joseph*, 838 F.2d at 791.

On a claim of ineffective assistance of counsel, the court is "highly deferential" and there is a strong presumption "that counsel's conduct falls within the wide range of reasonable professional assistance" or "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Courts must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "Under *Strickland*, there is a strong presumption that the objections of an attorney, or the lack thereof, at a sentencing hearing are part of a sound trial strategy." *U.S. v. Ramos-Marrufo*, 2012 WL 5059087, *3 (E.D. La. Oct. 18, 2012), *citing Strickland*, 466 U.S. at 689.

Conclusory allegations, regardless whether they are made by a *pro se* litigant or counsel, are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *citing Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Smith fails to provide any specific facts to support his conclusory allegations that counsel's performance was deficient, nor how he was prejudiced by counsel's failures. Thus he also fails to overcome the strong presumption of reasonably adequate performance by counsel.

Moreover, the transcript of Movant's sentencing (#221) on September 2, 2011 reflects that, contrary to Movant's claims, Plaintiff's counsel did object to and competently argue matters addressed in the PSR that are currently raised by Movant in his § 2255 motion: (1) the attempted $19,606.14 transfer that was never funded was unknown to Smith and therefore should not be included in the intended loss figure (*id.* at pp. 3-8), which objection the Court sustained; (2) that Smith is held responsible for using sophisticated means when it was co-conspirator Johnson that did so to conceal her fraudulent activity (*id.* at pp. 8-14), which objection the Court overruled; (3) that Smith was only a minor participant, not an average one (*id.* at pp. 14-18), which objection the Court overruled.

Because the Court agrees with the Magistrate Judge's memorandum and recommendation, the Court ADOPTS it as the Court's

own. The Court

    ORDERS that the government's motion to dismiss (#219) is GRANTED and Smith's § 2255 motion (#212) is DENIED.

    An appeal of a final order in a habeas corpus proceeding cannot be taken "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Rule 11 of the § 2255 rules instructs this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 applicant even if the applicant does not request one or file a notice of appeal." Because the Court finds that Movant has failed to make a substantial showing of the denial of a constitutional right, nor shown that reasonable jurists could debate whether the motion should have been resolved differently, nor that the issues raised by Movant should be encourage to proceed further,[5] the Court

    ORDERS that a certificate of appealability is DENIED.

    **SIGNED** at Houston, Texas, this  26th  day of  March , 2013.

                              */s/ Melinda Harmon*
                              MELINDA HARMON
                      UNITED STATES DISTRICT JUDGE

---

[5] *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *U.S. v. Jones*, 287 F.3d 325, 329 (5th Cir. 2001).